UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOKESH S. TANTUWAYA,<br><br>Petitioner,<br><br>v.<br><br>BRIAN BIRKHOLZ,<br><br>Respondent. | Case No. CV 24-02891-DMG (MAR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge. The Court has reviewed *de novo* the portions of the Report to which objections have been made.

The Report recommends the grant of the Petition and the recalculation of Petitioner's earned time credits ("ETCs") under the First Step Act ("FSA"). [Doc. # 19.] Respondent's objections to the Report [Doc. # 20] do not warrant a change to the Magistrate Judge's findings and recommendation.

Respondent objects to the Report's finding about Petitioner's participation in FSA programming. Specifically, Respondent objects to the Report's finding that Petitioner "completed thirteen days of FSA programming between April 26 and May 9, [2023], even though Petitioner did not receive any ETCs as a result." [Doc. # 20 at 4; *see also* Doc. # 19 at 7.] According to Respondent, Petitioner did not actually

participate in the programming, but he received the ETCs covering that period "for doing nothing at all" and "nonetheless earned ETCs for those thirteen days, and those are included in his ETC calculation." [Doc. # 20 at 5.]

Respondent's argument about these days does not undermine the Report's findings and recommendation. It ultimately remains the case that "Respondent concedes that Petitioner did not have an opportunity to participate in programs between his sentencing date of December 9, 2022, until April 26, 2023, when he arrived at his designated institution[.]" (*Id.* This delay of four and a half months is "far longer than the 'reasonable' five-week period" found in another case discussed in the Report. [Doc. # at 7 (citing *Stevens v. Jacquez*, 2024 WL 3200546, at *5 (D. Or. June 25, 2024).] Because Petitioner did not wait just "a month or two" for his opportunity to participate in programming, his ETCs should be calculated from his sentencing date. (*Id.* at 7-8 (citing *Huihui v. Derr*, 2023 WL 4086073, at *7 (D. Haw. June 20, 2023).) Thus, the Bureau of Prisons shall recalculate Petitioner's ETCs from the date his sentence commenced on December 9, 2022. (*Id.* at 9.)

The Court accepts the findings and recommendation of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that judgment be entered **GRANTING** Petitioner's petition and **ORDERING** Respondent to recalculate Petitioner's sentence utilizing December 9, 2022, as the correct date on which Petitioner became eligible to earn FSA credits.[1]

DATED: November 15, 2024

                                       DOLLY M. GEE
                                       Chief United States District Judge

---

[1] The Court is not ordering Respondent to automatically award Petitioner with 52 credits for the period from December 9, 2022 to May 9, 2023. Rather, the Court orders Respondent to award Petitioner with all credits he may have earned between December 9, 2022 to May 9, 2023.